UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE READER'S DIGEST ASSOCIATION, INC.
and BOOKS ARE FUN, LTD.,

                         Plaintiffs,      **MEMORANDUM DECISION AND ORDER**

-against-

                                      05 Civ. 10802 (SCR) (GAY)

EARL P. KAPLAN,

                         Defendant.
------------------------------------------------------------------X

      By letter dated March 20, 2006 plaintiffs sought "a pre-motion conference prior to filing a motion to quash certain third-party subpoenas served by Defendant and a motion for a protective order to prevent Defendant's counsel from utilizing their subpoena power under Rule 45, to obtain evidence which is not relevant to any claims or defenses in this litigation." The Court held a telephone conference with the parties this morning, at which time the Court heard arguments from all parties as to whether or not defendant's third-party subpoenas should be quashed. The Court has also reviewed all letter briefs submitted to date.

      Plaintiffs challenge four subpoenas issued by defendant to non-parties Pace University, Lehman College, Century 21 Department Stores and American Express.[1] Defendant seeks, via said subpoenas, educational and employment records of Mr. Fieganbaum (president of Books Are Fun) and communications between plaintiffs and American Express regarding Mr. Kaplan and his businesses. Defendant asserts that the information sought is relevant to its defense and to counter plaintiffs' claim for damages.

---

[1] The parties agree that defendant's subpoena to Target Corporation is moot.

Plaintiffs assert that they seek a protective order rather than a motion to quash and, therefore, that defendant "miscontrues the relief plaintiff seeks." However, plaintiffs do not seek to control the *dissemination* of information; plaintiffs seek to stifle the *production* of documents–in the nature of a motion to quash.

"Generally, in the absence of a claim of privilege or proprietary interest, parties to an action may not object to a subpoena served on a non-party." Bulkmatic Transport Co., Inc. v. Pappas, No. 99 Civ. 12070, 2001 WL 504839, at *2 (S.D.N.Y. May 11, 2001) (citation omitted). See also Estate of Yaron Ungar v. The Palestinian Auth., 400 F. Supp.2d 541, 554 (Nov. 7, 2005); Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004). Here, plaintiffs have not asserted any privilege or proprietary interest regarding the documents sought by defendant. Accordingly, plaintiffs lack standing to challenge the subpoenas.

Further, the Court declines to exercise its discretion to quash the subpoenas at issue because none of the third parties have objected to defendant's subpoenas and there is no indication that the subpoenas are overly burdensome. Moreover, at least for discovery purposes, it appears that the information sought is relevant and reasonably calculated to lead to admissible evidence. Accordingly, plaintiffs' motion to quash and/or for a protective order is **DENIED**.

Dated: March 27, 2006
       White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.